UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PUZZLE SOLUTIONS LLC,

    Plaintiff,

v.                                                            Case No: 8:24-cv-147-KKM-SPF

STACI DURANT,

    Defendant.
_____

## ORDER

    Puzzle Solutions sued Staci Durant, a former employee, for misappropriation of trade secrets and tortious interference with Puzzle Solutions's business relationships with its employees. Compl. (Doc. 1). After the parties reached a settlement, (Doc. 36), the action was dismissed subject to the right of the parties to submit a stipulated form of final order within sixty days, (Doc. 37). The parties now move for entry of a consent judgment. Am. Mot. for Entry of Consent J. (Doc. 39). For the below reasons, the motion is denied without prejudice.

    Consent judgments have "elements of both contracts and judicial decrees." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). As a result, before entering a consent judgment, a district court must determine whether a proposed consent judgment's terms

are fair and reasonable. *See Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997). A district court "must not give [a consent judgment] perfunctory approval," *id.* at 1242 (quoting *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981) (en banc) (Rubin, J., concurring in the per curiam judgment)), nor may a district court "merely sign on the line provided by the parties," *City of Miami*, 664 F.2d at 440 (Rubin, J., concurring in the per curiam judgment). Instead, the district court must determine that "the proposal represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation." *Stovall*, 117 F.3d at 1242 (quoting *City of Miami*, 665 F.2d at 441 (Rubin, J., concurring in the per curiam judgment)). A consent judgment must also, of course, "comply with Article III." *United States v. City of Tampa, Fla.*, 739 F. Supp. 3d 1055, 1062 (M.D. Fla. 2024).

The parties request that the Court enter a $165,000 judgment in Puzzle Solutions's favor. Proposed Consent J. (Doc. 39-2) at 3. Under the parties' settlement agreement, Puzzle Solutions agrees not to collect the $165,000 unless Durant materially breaches the agreement. *See id.* at 3 ("In the event Defendant breaches the Settlement Agreement, Plaintiff is entitled to enforce the terms of this Consent Judgment."); *id.* at 5–6 ("The Parties agree that PuzzleHR will not seek to collect damages or impose any liens on the basis of the Consent Judgment, unless there is a material breach of this Agreement."). That

2

arrangement operates like a liquidated damages provision of a contract, not a final judgment.

The "judicial Power of the United States," U.S. CONST. art. III, § 1, includes the power to "render dispositive judgments." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 219 (1995) (quoting Frank Easterbrook, *Presidential Review*, 40 CASE W. RES. L. REV. 905, 926 (1989)). "A judgment is the final determination of an action and thus has the effect of terminating the litigation." 10 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2651 (4th ed. June 2024 update); *see* FED. R. CIV. P. 54(a) (defining "judgment" to include "a decree and any order from which an appeal lies"); *In re Celotex Corp.*, 700 F.3d 1262, 1265 (11th Cir. 2012) ("A final judgment or order is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))); *Judgment*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "judgment" to mean a "court or other tribunal's final determination of the rights and obligations of the parties in a case").

Ordinarily, an appeal will lie only after the district court enters final judgment. *See Cunningham v. Hamilton County*, 527 U.S. 198, 203 (1999) ("[W]e have repeatedly interpreted [28 U.S.C.] § 1291 to mean that an appeal ordinarily will not lie until after final judgment has been entered in a case."). Absent appellate review, after entry of judgment in favor of the plaintiff, a defendant is "legally obligated to pay [the judgment]

3

and incurs an enforceable legal liability." *McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1062 (11th Cir. 2022) (emphasis removed); *see* FED. R. CIV. P. 62 (enumerating rules concerning stay of proceedings to enforce a judgment).

The proposed consent judgment bears none of these qualities. First, it does not constitute a "final determination of the rights and obligations" of the parties. *Judgment*, BLACK'S LAW DICTIONARY. Puzzle Solutions's contingent ability to collect the $165,000 turns on a future judicial finding that Durant materially breached the settlement agreement. *See* Proposed Consent J. at 3, 5–6. Because Puzzle Solution may not collect on the proposed consent judgment absent a material breach by Durant, the proposed consent judgment by the parties is not a final judgment at all. *See McNamara*, 30 F.4th at 1062. Indeed, the contingent nature of the order leaves to speculation the final determination of legal obligations between the parties. *See* 49 C.J.S. *Judgments* § 114 (2024) ("It is a general rule that a judgment must not be conditioned on any contingency, and such a conditional judgment may be wholly void, particularly if it leaves to speculation and conjecture what its final effect may be." (footnotes omitted)). In this sense, the proposed consent judgment is merely advisory as to the parties' potential relationship in the future. *Cf. Tenn. Coal, Iron & R. Co. v. Muscoda Loc. No. 123*, 137 F.2d 176, 180 (5th Cir. 1943) ("We cannot enter advisory judgments upon hypothetical facts.").

4

Second, the proposed consent judgment would likely not constitute an appealable final order. *See Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) (concluding that appellate jurisdiction existed over a final judgment of civil contempt because there was "no contingency or condition which could permit the appellants to modify or purge themselves of the sanctions imposed by the judgment of contempt"); *Stratton v. Dewey*, 79 F. 32, 34 (5th Cir. 1897) (dismissing appeal of a conditional order); *Gov't Emps. Ins. Co. v. King*, 68 So. 3d 267, 269 (Fla. 2d DCA 2011) ("A contingent judgment is not an appealable order."); *see also* 4 C.J.S. *Appeal and Error* § 144 (2024) ("In general, a conditional judgment, order, or decree, the finality of which depends on certain contingencies which may or may not occur, is not final for the purpose of appeal," unless, for example, the decree "disposes of the whole controversy as to all the parties under the facts existing at the time the decree is rendered" or "if, so far as the condition is concerned, the order is self-executing."). Because the proposed consent judgment's effect of obligating Durant to pay the $165,000 inherently requires a new fact finding—that Durant materially breached—the consent judgment is not self-executing and thereby not likely final and appealable.

Even though a conditional judgment does not fit with the definition of "judgment" under Federal Rule of Civil Procedure 54(a) and other sources, *see* 10 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2651 ("Judgments of this type are considered

5

judgments under Rule 54(a) only when the contingency has been removed."), federal courts have sanctioned the entry of conditional judgments in limited circumstances. For example, these kinds of orders might be permissible when "things depend on the outcome of litigation elsewhere, or future developments as to controlling substantive or procedural law," *Burton v. State Farm Mut. Auto. Ins. Co.*, 335 F.2d 317, 324 (5th Cir. 1964), or when a third-party plaintiff's claim against a third-party defendant "does not become enforceable until the third-party plaintiff satisfies the original judgment," 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1451 (3d ed. June 2024 update); *see United Gas Corp. v. Guillory*, 206 F.2d 49, 53 (5th Cir. 1953); *cf.* FED. R. CIV. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or *may be liable* to it for all or part of the claim against it." (emphasis added)). Because the parties provide no evidence that a conditional judgment is appropriate here, I decline to enter the proposed consent judgment as currently styled.

In considering how to proceed, if the parties request, I will retain jurisdiction for one year to enforce a settlement agreement. *See* Proposed Consent J. at 3; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) (holding that, to enforce a settlement agreement, a district court must retain jurisdiction "unless there is some independent basis for federal jurisdiction" and explaining how parties can "provide for the court's enforcement of a dismissal-producing settlement agreement" under Rules

41(a)(1)(A)(ii) and 41(a)(2)). To achieve a similar result as the requested conditional judgment, the parties could include in the settlement agreement a liquidated damages clause. Puzzle Solutions would then need to prove that Durant materially breached the settlement agreement.

Accordingly, the following is **ORDERED:**

1. The Amended Joint Motion for Entry of a Consent Judgment (Doc. 39) is **DENIED without prejudice**.

2. No later than **March 24, 2025**, the parties may again move for entry of a consent judgment if they find authority in favor of the proposed conditional judgment. In the alternative, no later than **March 24, 2025**, the plaintiffs may stipulate to dismissal under Rule 41(a)(1)(ii) or move to dismiss the action under Rule 41(a)(2). *See Kokkonen*, 511 U.S. at 381–82.

**ORDERED** in Tampa, Florida, on March 10, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge